[Cite as *Baek v. Ohio Bur. Of Motor Vehicles*, 2009-Ohio-7153.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

YOOMEE BAEK

    Plaintiff

    v.

OHIO BUREAU OF MOTOR VEHICLES

    Defendant

    Case No. 2008-07268-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Yoomee Baek, filed this action alleging she suffered monetary loss as a direct result of actions on the part of defendant, Bureau of Motor Vehicles (BMV), in improperly listing her driver's license as suspended. On April 14, 2008, plaintiff was driving a 2007 Chevrolet Cobalt, license plate #EAD2896, in Hamilton County, when she was stopped for speeding. Incident to the stop, plaintiff was not only charged with a speeding violation, but was also charged with driving under a license suspension. Consequently, the 2007 Chevrolet Cobalt was towed and impounded. The charge of driving under license suspension was issued as a result of local law enforcement relying on information regarding plaintiff's driver's license status supplied by BMV.

{¶ 2} According to records supplied by defendant, plaintiff received a uniform traffic ticket for a speeding offense on January 26, 2008 for traveling 75 mph in a posted 65 mph zone. On February 11, 2008, plaintiff entered a guilty plea in the Washington Courthouse Municipal Court on the speeding offense charge. Defendant related "[t]he Court reported to the BMV that [p]laintiff was driving a vehicle bearing Ohio license plate

'DK87ZL' and had failed to show proof of financial responsibility (insurance) to either the law enforcement or the Court as required by R.C. 4509.101." Acting on the information supplied by the Washington Courthouse Municipal Court, defendant sent plaintiff a "Notice of Suspension" letter (copy submitted) dated February 27, 2008. The "Notice of Suspension" was mailed to plaintiff's address and contained the following case information notations:

**{¶ 3}** "FRA SUSPENSION: 03/28/2008 TO 03/28/2011

**{¶ 4}** "MANDATOR SUSP: 03/28/2008 TO 06/26/2008

**{¶ 5}** "VIOLATION DATE: 01/26/2008

**{¶ 6}** "LICENSE PLATE: DK87ZL"

**{¶ 7}** The "Notice of Suspension" was mailed to plaintiff on February 27, 2008 (proof submitted) and contained these written advisements:

**{¶ 8}** "YOUR DRIVER'S LICENSE IS SUSPENDED starting on the date listed in the "Important Case Information" box above. If a license plate number is listed, YOUR LICENSE PLATES ARE ALSO SUSPENDED starting on the same date.

**{¶ 9}** "This suspension is because you did not prove insurance to a police officer or the court after you received a traffic ticket. (R.C. 4509.101)

**{¶ 10}** "YOU CAN AVOID THIS SUSPENSION if you can prove to us that you did have insurance or other financial responsibility coverage (FR coverage) PRIOR to the time of your traffic offense and IN EFFECT FOR THE ABOVE VIOLATION DATE. To prove insurance or other FR coverage, return this notice along with ONE of the following WITHIN FIFTEEN (15) DAYS:

**{¶ 11}** "A copy of your automobile insurance identification (ID) card;

**{¶ 12}** "Or a copy of the declarations page of your policy;

**{¶ 13}** "Or a letter on insurance company letterhead signed by your insurance agents. The letter must include the following information:

**{¶ 14}** "Name of insurance company

**{¶ 15}** "Name and address of local agent

**{¶ 16}** "Name in which policy was issued

**{¶ 17}** "Policy number

**{¶ 18}** "Effective dates of policy (must include date of traffic offense)

**{¶ 19}** "Phone number of local agent (REQUIRED for verification)

{¶ 20} "YOU WILL BE NOTIFIED BY THE BUREAU OF MOTOR VEHICLES WHEN YOU HAVE MET THE NECESSARY REQUIREMENTS."

{¶ 21} Plaintiff responded to defendant's "Notice of Suspension" letter by sending BMV a copy of an insurance card showing she maintained coverage for a 2007 Chevrolet effective January 6, 2008 and expiring July 6, 2008. Defendant ran a record check on license plate #DK87ZL, the plate number the Washington Courthouse Municipal Court reported was on the vehicle plaintiff was driving when she was charged with a speeding violation on January 26, 2008. Defendant's record (copy submitted) indicated Ohio license plate #DK87ZL was issued to a Jason D. Jarboe for a 1995 Mitsubishi he purchased on February 6, 2002. This BMV record also contained information seemingly indicating that license plate #DK87ZL was subsequently exchanged for a new different plate on October 22, 2002. The record apparently listed the new exchanged plate as #795XED.[1]

{¶ 22} In response to plaintiff submitting proof of insurance coverage for a 2007 Chevrolet, defendant sent plaintiff a letter dated March 20, 2008 (copy submitted) advising that the proof of insurance document filed "can not be accepted as evidence of liability insurance in effect at the time of the above (January 26, 2008) traffic offense. Defendant required plaintiff supply information regarding insurance coverage for a vehicle with license plate #DK87ZL, the number reported to BMV by the Washington Courthouse Municipal Court. In the March 20, 2008 letter defendant addressed the reason for not accepting plaintiff's submitted proof of insurance noting:

{¶ 23} "We must receive insurance verification for a 1995 Mitsubishi, plates no# above. Or, submit a copy of traffic citation verifying the vehicle coverage at the time of the offense date 01-26-2008. If a borrowed vehicle, we need a letter stating to extend

---

[1] Defendant's records regarding license plate #DK87ZL:
"DK87ZL    2003 PC  (NORMAL ISSUE)    EXPIRED/20030815    BIEN:1
"JAROBE*JASON, D                                      STICKER/3080974884
"4A3AK34Y7SE035833        1995 MITS   HB  PURCHASED 02/06/2002
"TITLE/0901489004   ODOMETER/157482
"ISSUED 20021022 BY AGENCY 5755 APPLICATION 22740TP   OLD-LIC/DK87ZL
"PLATE/COLOR/BICENTENNIAL"
It should be noted defendant did not submit any hard copy evidence concerning information received from the Washington Courthouse Municipal Court in referencing to plaintiff driving a vehicle with license plate #DK87ZL. Additionally, plaintiff failed to produce any evidence such as a copy of the traffic citation (1/26/08) she received referencing the license plate number of the vehicle she was driving when charged with speeding. Plaintiff bears the burden of proof in matters alleging improper suspension.

coverage to a borrow vehicle."

**{¶ 24}** Defendant observed the March 20, 2008 letter was generated "to assure compliance with Ohio Revised Code (ORC) 4509.101(A), which states:

**{¶ 25}** "No person shall operate, or permit the operation of, a motor vehicle in this state, unless proof of financial responsibility is maintained continuously throughout the registration period with respect to that vehicle, or, *in the case of a driver who is not the owner, with respect to that driver's operation of that vehicle.* (Emphasis added.)"

**{¶ 26}** Plaintiff responded to the March 20, 2008 letter by sending a "Declarations Page" (copy submitted) showing she maintained insurance coverage for a 2007 Chevrolet. "This Declarations Page," which bore an "entry date" of "3/21/2008" did not provide any information requested by defendant in the March 20, 2008 letter; such as proof of insurance coverage for a borrowed vehicle or a copy of the January 26, 2008 traffic citation that would have listed the vehicle plaintiff was driving at the time she was charged.

**{¶ 27}** On April 14, 2008, defendant mailed plaintiff another letter (copy submitted)[2] advising her she had still not forwarded sufficient proof that she carried insurance coverage for the vehicle she was driving when the January 26, 2008 speeding citation was issued. On the same day defendant sent this letter, plaintiff was stopped and charged with driving under a suspended license. The car she was driving, a 2007 Chevrolet Cobalt, was towed and impounded incident to the driving under a suspended license charge. On April 24, 2008, plaintiff's insurance agent sent BMV another "Declarations Page" in respond to the April 14, 2008 letter. This "Declarations Page" advised, "All coverages from this 2007 Chev BLT-Transfer to all vehicles driven by Yoomee Baek." Upon receipt of this information defendant deleted the suspension against plaintiff on the relevant BMV record (copy submitted). The driving under license suspension charge generated from the April 14, 2008 traffic stop was subsequently

---

[2] The April 14, 2008 letter contained the following information and advisements:
"NON-COMPLIANCE/ACCIDENT CASE #NC08024047
"VIOLATION DATE:  01-26-2008
"PLATE #DK87ZL
"The document(s) recently submitted can not be accepted as evidence of liability insurance in effect at the time of the above offense or random selection.
"REASON:  As previously stated on form 3308, insurance information must be for vehicle driven when you were cited.  Please contact your local agent for a letter with all information showing below and would extend coverage to a borrowed vehicle.  Any documentation send will be deny except a letter only.

dismissed on May 17, 2008 and recorded by BMV on May 17, 2008.

{¶ 28} Plaintiff contended defendant improperly continued to record her driver's license as suspended when in fact she maintained insurance coverage. Plaintiff stated her "[l]icense was suspended for failure to produce insurance for a 1993 Mitsubishi (model unknown) which I had never driven." Plaintiff pointed out she has continued to carry insurance for the car she drives a 2007 Chevrolet Cobalt "in addition to coverage for any rental cars that I may drive." Plaintiff asserted she carried insurance coverage on April 14, 2008 when she was charged with driving under a license suspension and the car she was driving, a 2007 Chevrolet Cobalt, was towed and impounded. Plaintiff argued defendant negligently recorded inaccurate information that resulted in an invalid license suspension and subsequent expenses for towing and impound fees. Plaintiff filed this complaint seeking to recover $532.50 the total costs for towing and impounding her vehicle. Plaintiff asserted BMV improperly listed her license as suspended which resulted in her incurring the expenses claimed. The filing fee was paid.

{¶ 29} In her complaint plaintiff produced a written statement from her insurance representative, Sherry Rowland, regarding contact between the insurance company and BMV. Rowland stated:

{¶ 30} "Yoo Mee came into our American Family Agency on 04-24-2008 to request that we contact the BMV and try to help her with the request from BMV.. I contacted Mark at the BMV. Mark stated that Yoo Mee's license were being suspended due to her not showing proof of insurance to the police officer that stopped her for a traffic violation. Yoo Mee [d]id not have proof of insurance on her at the time. She did come into our office at that time and I mailed the proof to the BMV at that time. She then received a letter stating that this was not proof enough. This is when I called and spoke with Mark the BMV. Mark stated that the BMV needed proof of insurance for a different car than Yoo Mee has. Yoo Mee was driving a 2007 Chev and was driving this Chev at the time she was stopped. Mark explained that this was a mistake on the BMV and police officer and that he would take care of the situation if I would fax the proof of insurance coverage to him on the 2007 Chev. This was done and Mark called our office back and stated that this has been taken care of and Yoo Mee would not need to do

Or, a copy of ticket showing model and year of vehicle."

anything else on this issue."

**{¶ 31}** Defendant denied liability in this matter maintaining that BMV acted properly to suspend plaintiff's license relying on the information provided by the Washington Courthouse Municipal Court. Additionally, defendant asserted BMV "acted properly in maintaining the suspension until proof of financial responsibility was eventually received showing that her (plaintiff's) insurance coverage extended to other vehicles operated by her." Defendant denied acting negligently in record keeping or advising plaintiff of supplying proper information to lift her suspension. Defendant asserted plaintiff's own neglect resulted in the continuance of her driver's license suspension status. Defendant pointed out plaintiff's own inaction brought on her continued suspension observing:

**{¶ 32}** "1. Plaintiff failed to show proof of financial responsibility to the law enforcement officer upon the original traffic stop; (1/26/08)

**{¶ 33}** "2. Plaintiff failed to show proof of financial responsibility to the Court at the time of the conviction; (2/11/08) and;

**{¶ 34}** "3) Plaintiff failed to show the BMV that her insurance coverage extended to other vehicles operated by her until April 24, 2008."

**{¶ 35}** Plaintiff filed a response stating my "[l]icense was suspended for failure to produce on insurance for a 1993 Mitsubishi (model unknown) which I had never-driven." The evidence presented establishes plaintiff's license was suspended due to her failure to show proof of insurance to law enforcement on January 26, 2008, failure to supply proof of insurance to the Washington Courthouse Municipal Court on February 11, 2008, and subsequent failures to supply BMV with requested information regarding insurance coverage up to April 24, 2008. Plaintiff related she was told by her insurance representative Sherry Rowland that a BMV employee admitted the license suspension was a mistake on the part of BMV.

**{¶ 36}** Resulting monetary damages are recoverable when plaintiff proves, by a preponderance of the evidence, defendant erroneously records driver's license information. *Ankney v. Bureau of Motor Vehicles* (1998), 97-11045-AD; *Serbanescu v. Bureau of Motor Vehicles* (1994), 93-15038-AD. In the instant action, plaintiff has failed to prove that defendant erroneously recorded her driver's license status. In situations based on financial responsibility noncompliance. BMV may not bear liability for

damages proximately caused from suspending a driver's license in reliance upon erroneous information supplied by a municipal court. *Sullivan v. Bureau of Motor Vehicles*, Ct. of Cl. No. 2006-04393-AD, 2007-Ohio-1267. Defendant's records were accurate under the circumstances when plaintiff's cause of action accrued. *Elliott v. Bureau of Motor Vehicles* (2001), 2001-02104-AD, jud. In fact, defendant provided plaintiff in the instant claim ample opportunity to rectify her suspensions status by producing requested information. Plaintiff is barred from recovery in situations where BMV performs statutory duties acting in reliance upon records supplied by a court. *Raheem v. Ohio Bur. of Motor Vehicles*, Ct. of Cl. No. 2006-06043-AD, jud, 2007-Ohio-1987. Plaintiff, in the instant claim, has failed to establish defendant at any time erroneously recorded her driver's license status. See *Barreto v. Bur. of Motor Vehicles*, Ct. of Cl. No. 2007-05831-AD, 2008-Ohio-4179. Therefore, this claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

YOOMEE BAEK

Plaintiff

v.

OHIO BUREAU OF MOTOR VEHICLES

Defendant

Case No. 2008-07268-AD

Deputy Clerk Daniel R. Borchert

<u>ENTRY OF ADMINISTRATIVE DETERMINATION</u>

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Yoomee Baek
7929 Village Drive
Cincinnati, Ohio  45242

John R. Guldin
Associate Legal Counsel
Ohio Department of Public
Safety, Legal Services
1970 West Broad Street
P.O. Box 182081
Columbus, Ohio  43218-2081

RDK/laa
10/7
Filed 11/19/09
Sent to S.C. reporter 3/5/10